[Civ. No. S. C. 25.   Second Appellate District, Division One.—January 6, 1937.]

A. H. SAGER, Respondent, v. G. E. ESTERGREN, Appellant.

Coleman E. Stewart for Appellant.

Webster & Lyon for Respondent.

SHINN, J., *pro tem.*—In this case the court took an account of the affairs of a partnership consisting of plaintiff and defendant and having for its sole purpose the raising and marketing of a crop of sugar beets. The judgment in effect was one for dissolution of the partnership, and the accounting, the results of which were carried into the judgment, settled the affairs of the partnership in full and awarded plaintiff certain sums of money. Defendant appeals on the judgment roll.

■ It is urged by defendant that the complaint failed to state a cause of action for dissolution of the partnership and that his general demurrer thereto should have been sustained. This contention cannot be upheld. In the articles of partnership, the execution of which was admitted by the pleadings, were provisions that the parties should jointly supervise the growing and raising of the crop and share equally all expenses and costs of raising, growing and harvesting the crop, and they were to make, execute and deliver such notes, mortgages and other instruments as might be necessary to secure advances from the Union Sugar Company to assist in financing the crop.

It was alleged in the complaint that it became necessary to employ laborers and to purchase materials and supplies in connection with the raising of the crop and to obtain additional finances for that purpose, and it was alleged that defendant failed and refused to advance his share of the expenses or any part thereof and failed and refused to execute papers necessary to obtain financing from Union Sugar Company, by reason of which plaintiff was required to and did advance from his own funds the sum of $815.07; and it was alleged that defendant failed and refused to assist in the supervision and raising of the crop and that plaintiff had been required to devote all of his working time thereto. It was not alleged that the partnership had been terminated by the parties or either of them, nor that the business had been finished. The complaint did not pray for a dissolution of the partnership, specifically, but did contain a prayer for general relief.

Section 2426 of the Civil Code provides: "On application
by or for a partner the court shall decree a dissolution when-
ever: . . . (d) A partner wilfully or persistently commits
a breach of the partnership agreement, or otherwise so con-
ducts himself in matters relating to the partnership business
that it is not reasonably practicable to carry on the business
in partnership with him, . . . (f) Other circumstances render
a dissolution equitable." As against a general demurrer and
in view of the limited purpose of the partnership, and the
brief duration thereof, we hold that the allegations were
sufficient to invoke the equitable jurisdiction of the court for
the purposes of dissolution of the partnership. Even though
it was not alleged that defendant's breaches of the contract
were wilful or persistent, it cannot be denied that, *prima facie*
at least, it would be impracticable to carry on the business
of a partnership requiring equal contributions of labor and
money with a partner who failed and refused to contribute
either, and who refused also to cooperate with the willing
partner in procuring financing for the business as he was
bound by the articles of partnership to do. ■ Dissolu-
tion of a partnership may be decreed under a prayer for
general relief if dissolution is one of the purposes of the
action and sufficient facts are stated in the complaint to
warrant that relief. Of course, where a decree of dissolution
is not sought the court may grant no relief of a sort which
depends upon a dissolution by the parties or by decree. The
complaint should have been amplified so as to leave no doubt
as to the nature of the relief which was applied for, but the
overruling of defendant's demurrer was not such an error
as requires a reversal of the judgment.

■ Other claimed errors, which relate to the accounting,
including a provision of the judgment awarding plaintiff a
one-half interest in a tractor, cannot be reviewed because
the record before us consists of the judgment roll alone
and it must therefore be presumed that the evidence was
sufficient to support the findings.

■ There is, however, one provision of the judgment
which is not supported by the findings or the admissions of
the pleadings. Plaintiff had advanced to defendant for the
financing of the crop $1317, and in addition thereto advanced
further sums for the same purpose. With reference to this
sum of $1317, the partnership agreement provided as fol-

lows: " . . . and the party of the first part agrees to pay the party of the second part, out of his one-half share of the balance of said crop, the balance of $1,317.00, being the money advanced to date by said party of the second part to the party of the first part". The other sums advanced by plaintiff up to the time of trial exceeded the advancements made by defendant by the sum of $1468.42, and on this account defendant was indebted to plaintiff for one-half thereof or $734.21. The partners were entitled to receive from Union Sugar Company a net sum of $1597.81, and they were also entitled to receive an undetermined amount from the United States government as a bonus in connection with their farming operation. By the findings plaintiff was given credit for one-half of said sum of $1597.81 or $798.91, and he was charged with the sums of $734.21 and $1317, or a total of $2,051.21. His debit balance therefore was determined to be $1252.30. By the judgment all of defendant's one-half of partnership funds received was made payable to plaintiff until the sum of $1252.30 should have been paid, and if plaintiff's share amounted to less than $1252.30, plaintiff was given judgment for the amount of the deficiency. The judgment in this form does not accord with our interpretation of the agreement nor does it conform to the findings. Defendant undertook to pay plaintiff not one-half of the sum of $1317, which would have been chargeable against defendant as a partner in the absence of a specific agreement with reference thereto, but, as specifically found by the court, he agreed to repay all of said sum out of his one-half of the proceeds from the sale of the crop. His obligation so far as the sum of $1317 was concerned would have been satisfied when he had turned over to plaintiff his full share of the proceeds, even though it amounted to less than $1317. Plaintiff was not entitled to a judgment for any deficiency that might remain. The agreement is clear and specific to the effect that the sum was not to be paid generally by defendant, but only from a particular fund, namely, defendant's share of the proceeds of the crop, and there is no finding to the contrary. The judgment is therefore modified to read as follows: that plaintiff recover from defendant the sum of $734.21 and costs of suit; that plaintiff have a lien upon defendant's one-half interest in the proceeds of said crop in the amount of $1317; that the sum of $1597.81 owing

from Union Sugar Company be paid in full to plaintiff; that one-half of said sum or $798.90, or so much thereof as may be necessary, be applied in satisfaction of said judgment of $734.21 and costs; that if the money so applied be insufficient to satisfy said judgment and costs in full, plaintiff may have execution for the unsatisfied portion thereof; that if the sum of $798.90 exceeds the amount of said judgment and costs, the excess shall be applied in reduction of said lien; that one-half of all moneys received by way of allotment or bonus from the United States government and paid to the clerk of this court in accordance with the order of court signed on the 25th day of March, 1935, be paid to plaintiff and that the other one-half of said money deposited with the clerk under said order as aforesaid or so much thereof as may be necessary be paid to plaintiff and applied in satisfaction of plaintiff's lien on defendant's share of the proceeds of said beet crop in the sum of $1317, or the amount to which it has been reduced, said payments to satisfy said lien in full, and any sum remaining above said amount of $1317 shall be paid to defendant; it is further adjudged that the tractor purchased from Allis-Chalmers Manufacturing Company referred to in the partnership agreement is owned in equal shares by plaintiff and defendant.

As thus modified the judgment is affirmed, each party to bear his own costs of appeal.

York, Acting P. J., and Doran, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 3, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 25, 1937.